**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>J. Mark Coulson<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>P: (410) 962-4953 \| F: (410) 962-2985<br>mdd_jmcchambers@mdd.uscourts.gov |

February 9, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE: *Alkali Scientific, Inc. v. Wang et al*
      Civil No. 1:21-cv-02827-GLR

Dear Counsel:

      This case was referred to the undersigned by Judge Russell on February 8, 2023, to resolve the dispute summarized in ECF Nos. 51 and 52. (ECF No. 54). Plaintiff expresses concern that the alleged discovery deficiencies it outlined have not yet been addressed by Defendants. Plaintiff raises the discovery deadline of March 30, 2023 as a motivating factor behind it seeking timely resolution with the Court. Defendants respond that Plaintiff's alleged deficiencies are numerous, comprising twenty-six (26) single-spaced pages, and that they have not had sufficient opportunity to address them, requesting that the Court delay any action until they can do so.

      Plaintiff's particular complaints with Defendants' individual discovery responses are not before the Court, nor are Defendants' specific rebuttals to those complaints. That said, the Court concludes it would be premature and not a good use of judicial resources to invite their submission at this point. Instead, the parties themselves, who have lived with the issues in this case for more than a year, are in the best position to work through their disagreements most efficiently and they should be provided the opportunity to do so, with the Court's oversight and guidance.

      Accordingly, the Court orders that Defendants respond to Plaintiff's concerns by February 17, 2023, by way of revised responses where possible or with detailed reasons why such responses are not called for by the Federal Rules of Civil Procedure as necessary. The parties are then ordered to confer either in person or by virtual platform such as Zoom in an attempt to work through their remaining differences in the spirit of compromise by February 24, 2023. In the unlikely event that any unresolved differences remain, they should be outlined in a letter to the Court of no more than three pages, with Plaintiff's letter due by February 28, 2023, and Defendants' response due by March 1, 2023. No reply is permitted unless requested by the Court. The Court will then decide on next steps. The Court strongly suggests that any such remaining disputes be distilled into manageable categories, such as whether the scope of discovery should be limited by date range, subject matter, customer type, etc. Requests that address a common or related issue should be grouped together. Hopefully, this will save the parties from having to address each remaining disputed request individually.

      The Court also reminds the parties that nonspecific and/or boilerplate objections, as well as objections that are followed by a response that does not specify whether it has been limited by the objection, are impermissible. Additionally, the scope of discovery is defined by relevance, proportionality, and privilege, not admissibility. The Court further observes that the Rules have been amended to make clear that the commonly relied upon, though often misunderstood discovery crutch, "reasonably calculated to lead" as a justification for or objection to discovery should no

longer be part of either party's discovery lexicon.  For additional guidance, s*ee, e.g., Mt. Hawley Ins. Co. v. Adell Plastics, Inc*.,  2017 WL 3621184 (D. Md. Aug. 22, 2017).

If the parties engage in the above process in good faith and in the spirit of compromise, the Court will ask Judge Russell to consider a reasonable extension of the discovery deadline as necessary.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the court and should be docketed as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge

CC: The Honorable George L. Russell